IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| FARRIS WILLIAMS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-03-157 |
| | § | |
| B.B. BROWNING, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Farris Williams, a former inmate of the Calhoun County Jail, filed a civil rights complaint while he was incarcerated. After reviewing the original complaint (Docket Entry No. 1) and Williams's amended complaint (Docket Entry No. 8), the court has determined that this action should be dismissed as frivolous under 28 U.S.C. § 1915(e).

### I. Claims and Allegations

In both his original complaint and his amended complaint, Williams has named the following Calhoun County officials as defendants in both their individual and official capacities: B.B. Browning, Sheriff; Tim Smith, Jail Administrator; Michael Pfeifer, County Judge; Roger Galvan, Commissioner Precinct # 1; Michael Balajka, Commissioner Precinct # 2; Neil Fritsch, Commissioner Precinct # 3; and Kenneth Finster, Commissioner Precinct # 4. Williams argues that the defendants are liable for subjecting him to cruel and unusual punishment, denying him access to the courts, denying him adequate medical services, forcing him to live in unsanitary conditions in an understaffed facility where he has been improperly classified. Williams seeks $ 100,000.00 in damages.

Williams alleges that he was confined in the Calhoun County Sheriff's Department Jail Holdover Facility for short periods during August 28-31, 2003; unspecified dates during September of 2003; October 29-30, 2003; and unspecified dates during December of 2003 and October of 2004. Docket Entry No. 1, page 4; Docket Entry No. 8, page 3, ¶ V.  He claims that the Texas Commission on Jail Standards had previously shut down the Calhoun County Jail for non-compliance and that the entire facility was unsafe for housing inmates at any time.

Williams claims that he was forced to share a cell with five other Calhoun County inmates and that they had to sleep on the floor without a mattress or blanket. Williams complains that the inmates were assigned to the cell regardless of their classification or offense. He further complains that the jail was over-crowded, had poor air circulation, and was both hot and cold. *See* Docket Entry No. 8, page 3, ¶ VI. He also complains that he was exposed to mold and mildew despite his disclosure to a jailer that he had developed a lung condition due to prior contact with asbestos. Docket Entry No. 1, page 6, ¶ II.

In addition to his purported lung ailment, Williams alleges that he suffers from diabetes, hypertension, anxiety, and a chronic knee ailment. He complains that the arrangements at Calhoun County Jail made it impossible for him to obtain his medication in a timely manner. He further alleges that he experienced a serious medical complication on October 29, 2004, and needed to be transported to a medical center for additional treatment as a precautionary measure. However, Williams was not allowed to go to a hospital until a deputy was available to accompany him there.

With regard to his access to courts claim, Williams complains that he was transferred to Frio County Jail and was not taken back to Calhoun County in order to confer with counsel. He also says

that he was denied an opportunity to participate in an interview with a Port Lavaca police officer concerning a charge against him.

Williams argues that Sheriff Browning is liable because, as head of the Calhoun County Jail, he is responsible for the overall supervision of the facility and the well being of all inmates who are incarcerated in the Jail. Docket Entry No. 1, page 4. He contends that, as Jail Administrator, Tim Smith is also responsible for the supervision, care, and custody of the inmates. *Id.* Williams asserts that County Judge Pfeifer and the Calhoun County Commissioners are liable because they have authority over Sheriff Browning and exercise overall control over the budget and operation of the Calhoun County Sheriff's Department. Docket Entry No. 8, pages 2-3, ¶ IV.

## II. Analysis

To state a claim under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). To state a claim against a defendant in his individual capacity, there must be a showing of personal involvement. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Naming a person who had no direct contact with the plaintiff will not suffice even if that person is alleged to have supervisory authority over other officials who may have had some interaction with the plaintiff. *Id.*

A suit against a defendant in his official capacity is actually a suit against the government entity the defendant serves and represents. *Hafer v. Melo*, 112 S.Ct. 358, 361 (1991). In an official capacity claim, the plaintiff is required to identify an 'official policy or custom' of the defendant

entity which violated his constitutional rights. *Leffall*, 28 F.3d at 525. Allegations of isolated instances of deprivations alone do not establish liability of the policy maker. *City of Oklahoma City v. Tuttle*, 105 S.Ct. 2427, 2436 (1985).

The defendants named in this action are high county officials or top managers, none of whom are alleged to have had any contact with Williams. Williams merely names these individuals because they have authority over the employees who work at the Jail. The complaint against the defendants in their personal capacities is insupportable because "[t]here is no respondeat superior liability under section 1983." *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). Without any facts showing that the individuals were personally involved in the alleged deprivations, Williams can only seek damages if he can prove that they implemented unconstitutional policies that were the cause of his injuries. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). There are no allegations that such policies caused any injuries, and the defendants cannot be held to be liable. *Baker v Putnal*, 75 F.3d 190, 199 (5th Cir. 1996). In addition, there are no allegations which would support a finding that any of the defendants were liable with regard to the Jail's staffing practices and procedures. *Scott v. Moore*, 114 F.3d 51, 54-55 (5th Cir. 1997).

Apart from a failure to name any party that could be found liable, Williams fails to set forth facts which indicate that his rights were violated. Williams's allegations indicate that he remained at the Calhoun County Jail for relatively short durations. Even if the Jail conditions were substandard, the brief intervals that Williams had to endure them weigh against establishing a civil rights violation. *See DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir.2001). Moreover, the claims regarding the conditions are not actionable because Williams does not allege any physical injury which resulted from the alleged deprivations. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.

2005), *citing* 42 U.S.C.A. § 1997e(e).  Williams has failed to identify any extreme deprivation during his temporary stay at Calhoun County Jail, and the discomfort that he experienced there does not entitle him to monetary relief.  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Williams's allegations regarding medical care are not actionable either because there is no indication that he suffered any physical injury.  42 U.S.C. § 1997e(e).  At the most, Williams alleges that there was some delay in obtaining treatment and medication; however, there are no facts which show that he suffered any substantial harm.  Without such a showing, Williams's claims regarding medical care must be dismissed.  *Mendoza v Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Williams's allegations regarding access to the courts are legally baseless because he has not shown how the transfer out of the jail harmed his position in a relevant legal proceeding.  *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *citing Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988).  He merely asserts that he was unable to meet with his counsel and a police officer while he was incarcerated at the Frio County Jail.  He does not allege that he was ultimately impeded in his efforts to defend himself or that he was denied access to counsel when he was tried in Calhoun County.  Therefore, this claim is also subject to dismissal as legally baseless because there is no showing that Williams has been denied a reasonable opportunity to defend himself.  *See Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996).

Williams has sought and obtained permission to proceed as a pauper in this action.  A prisoner's *in forma pauperis* complaint may be dismissed if the court finds that it is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  Such a complaint is frivolous if it lacks an arguable basis in law.  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  This action is **DISMISSED** as frivolous.

### III. Conclusion and Order

1. This complaint, filed by Farris Williams, Jr. while he was incarcerated in the Goliad County Jail, is **DISMISSED** because it is frivolous.  28 U.S.C. § 1915(e).

2. The Clerk shall send a copy of this Memorandum Opinion and Order to the parties; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED**, on this 11th day of January, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE